IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERTO CAMACHO, JR., | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 16-1644 |
| | ) Magistrate Judge Maureen P. Kelly |
| v. | ) |
| | ) |
| C.O. BEERS, C.O. L. JOHNSON, C.O. | ) Re: ECF No. 67 |
| BREWER, C.O. TIMBERMAN, C.O. | ) |
| GANNON, C.O. CAVANAUGH, | ) |
| SERGEANT F.J. JOHNSON, CARROL | ) |
| SCIRE, STEPHANIE WOOD, MARK | ) |
| CAPOZZA, DEPARTMENT OF | ) |
| CORRECTIONS and LIEUTENANT R. | ) |
| WASHINGTON, | ) |
| | ) |
| Defendants. | ) |

**OPINION**

This is a civil action filed by Plaintiff Roberto Camacho, Jr. ("Plaintiff"), an inmate at the State Correctional Institution at Huntingdon ("SCI-Huntingdon"), against the Pennsylvania Department of Corrections (the "DOC") and multiple DOC employees. The case concerns the alleged mistreatment of Plaintiff by the DOC and its employees following an orthopedic surgery Plaintiff underwent in July of 2014. Presently before the Court is a Motion for Summary Judgment filed by Defendants C.O. Beers, C.O. L. Johnson, C.O. Brewer, C.O. Timberman, C.O. Gannon, C.O. Cavanaugh, Sergeant F.J. Johnson, Carol Scire, Mark Capozza, the DOC and Lieutenant R. Washington (collectively, "Defendants"). For the reasons set forth herein, the Motion for Summary Judgment will be granted as to all federal claims.

**I.  PROCEDURAL HISTORY**

The Complaint in this action was filed on November 8, 2016. ECF No. 4. Therein, Plaintiff asserted violations of the Eighth Amendment (Counts I-III), violation of the First

Amendment (Count IV), violations of the Americans with Disabilities Act (the "ADA"), and Rehabilitation Act (Counts V and VI) and state law claims of assault and battery (Count VII) and intentional infliction of emotional distress (Count VIII). Id.

On March 3, 2017, and July 26, 2017, Defendants filed Partial Motions to Dismiss, ECF Nos. 17 and 38. On January 5, 2018, following consideration of those Motions, the Court dismissed with prejudice Count II as to Defendants Scire and Capozza, Count II as to Defendants Stephanie Wood and Capozza, and Count VIII as to all Defendants. ECF No. 48. The Court further terminated Defendant Wood from the case. Id.

On January 10, 2018, the remaining Defendants filed an Answer. ECF No. 49. Following a period of discovery, the instant Motion for Summary Judgment and supporting documents were filed on August 2, 2018. ECF Nos. 67-70. On September 17, 2018, Plaintiff filed a Memorandum of Law in Opposition to Motion for Summary Judgment and a Responsive Concise Statement of Material Facts. ECF Nos. 73-74. On October 1, 2018, Defendants filed a Reply Brief and a Reply to Plaintiff's Responsive Concise Statement of Material Facts. ECF Nos. 76-77. Plaintiff filed the Declaration of Marianne Sawicki on October 17, 2018. ECF No. 78. The Motion for Summary Judgment is ripe for consideration.

## II. STANDARD OF REVIEW

Summary judgment may only be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Pursuant to Rule 56, the Court must enter summary judgment against the party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In evaluating the evidence, the court must view the facts in the

light most favorable to the non-moving party, drawing all reasonable inferences in the that party's favor. Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 288 (3d Cir. 2018).

## III. DISCUSSION

### A. Federal Claims (Counts I - VI)

In support of their Motion for Summary Judgment, Defendants present several arguments. ECF No. 68 at 7-12. The first, that Plaintiff failed to properly exhaust his administrative remedies, id. at 7-10, is dispositive of the federal claims in this action. Specifically, Defendants claim that, because Plaintiff did not request monetary compensation in his grievances, the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a) (the "PLRA") bars him from bringing in this Court the claims for which he seeks monetary compensation. Id. In opposition to this argument, Plaintiff asserts that Defendants have failed to show non-exhaustion of available remedies. ECF No. 73 at 8.

Under the PLRA, prisoners are prohibited from bringing actions with respect to prison conditions pursuant to 42 U.S.C. § 1983 or any other federal law until such administrative remedies as are available are exhausted. 42 U.S.C. § 1997e(a). The exhaustion requirement applies to all claims relating to prison life which do not implicate the duration of the prisoner's sentence. Porter v. Nussle, 534 U.S. 516, 532 (2002). Failure to exhaust administrative remedies under the PLRA is an affirmative defense that must be pleaded and proven by defendants. Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002). Further, "proper exhaustion" is required, *i.e.*, a prisoner must complete the administrative review process in accordance with the applicable procedural rules of the prison's grievance system. Fennell v. Cambria County Prison, 607 F. App'x. 145, 149 (3d Cir. 2015). A procedurally defective administrative grievance precludes action in federal court. Id.

3

Specifically, where prison policy requires an inmate who seeks monetary compensation to request that relief in the inmate's initial grievance, failure to do so will bar claims from monetary compensation in federal court. Wright v. Sauers, Civ. A. No. 13-358, 2017 U.S. Dist. LEXIS 139501, at *19-20 (W.D. Pa. Aug. 30, 2017)(finding procedural default where plaintiff failed to set forth desired monetary relief on his initial grievance form as required by DC-ADM 804); Mobley v. Snyder, Civ. A. No. 13-772, 2015 U.S. Dist. LEXIS 115795, at *28 (M.D. Pa. Sept. 1, 2015)(holding that "because Mobley did not specifically request monetary damages in his initial grievance, as required by the version on DC-ADM 804 in effect at the relevant time, [he] procedurally defaulted his claims for monetary damages"); Sanders v. Beard, Civ. A. No. 09-1384, 2013 U.S. Dist. LEXIS 56589, at *17 (M.D. Pa. Apr 19, 2013)(dismissing claims for monetary damages brought by plaintiffs who did not request monetary damages in their initial grievances as required by DC-ADM 804).

In the instant case, it is undisputed that Plaintiff filed two grievances in relation to the substantive allegations in his Complaint. ECF No. 69 ¶ 12; ECF No. 74 ¶ 12. The first grievance, Number 521244, was dated either July 30 or 31 of 2015. ECF No. 69 ¶ 14; ECF No. 74 ¶ 14. That grievance concerned, *inter alia*, the refusal of food and a shower to Plaintiff after his surgery and an injury to Plaintiff's elbow following surgery. ECF No. 70-3 at 2. Therein, Plaintiff sought relief as follows: "I[']m asking for relief as allowed by law." ECF No. 69 ¶ 16; ECF No. 74 ¶ 16; ECF No. 70-3 at 2. The second grievance, Number 525054, was dated as received by the Facility Grievance Coordinator on September 2, 2014. ECF No. 69 ¶ 18; ECF No. 74 ¶ 18; ECF No. 70-5 at 1. This grievance concerned the failure to provide Plaintiff with medical treatment when his elbow swelled on August 5, 2014. ECF No. 70-5 at 1. There was no claim for monetary relief in grievance Number 525054. ECF No. 69 ¶ 20; ECF No. 74 ¶ 20.

4

However, at the time Plaintiff's grievances were filed, the DOC Inmate Grievance System Policy provided: "If the inmate desires compensation or other legal relief normally available from a court, the inmate must request the specific relief sought in his/her initial grievance." ECF No. 69 ¶ 21; ECF No. 70-2 at 7 (DC-ADM 804 effective May 1, 2014).

Plaintiff does not dispute that he failed to request the specific relief of monetary compensation in the grievances he filed.[1] Rather, Plaintiff argues that Defendants did not prove that Plaintiff was provided with the effective version of DC-ADM 804 and thus has failed to show that Plaintiff failed to exhaust the remedies available to him. ECF No. 72 at 5-8. Plaintiff does not provide any relevant legal authority for this proposition. Additionally, although Plaintiff implies that he has credibly disputed the availability of the remedy to him, he does not offer any evidence or even assert that he was in any way unaware of the requirements of the effective grievance policy, *e.g.*, that he relied on an earlier version of DC-ADM 804 with different requirements. Finally, even if Plaintiff had established that he was confused as to the relevant policy, "ignorance or confusion regarding the Pennsylvania DOC polices does not excuse failing to adhere to these requirements." Stokes v. Wenerowicz, Civ. A. No. 13-7093, 2017 U.S. Dist. LEXIS 119454, at *10 (E.D. Pa. Jul. 31, 2017) (citing Tirado v. Dep't of Corr., 2014 U.S. Dist. LEXIS 159208, 2014 WL 5860598, at *4 (W.D. Pa. Nov. 12, 2014) (citing Davis v. Warman, 49 F. App'x. 365, 368 (3d Cir. 2003))).

In short, Defendants have shown, and Plaintiff does not dispute, that Plaintiff failed to request the specific relief of monetary compensation in the grievances he filed as to the subjects of this lawsuit. Thus, Plaintiff may not pursue an action in federal court based on the claims raised in his procedurally defective grievances because he did not exhaust all administrative

---

[1] Plaintiff does briefly assert, without citation to authority, that Defendants' "criticism" of the specifics of Plaintiff's "vocabulary" is "unfounded and unfair," given Plaintiff's struggles with English. ECF No. 73 at 8. This unsupported assertion is a mischaracterization of Defendants' argument.

5

remedies with regard to such claims. Accordingly, Defendants are entitled to judgment as a matter of law on all federal claims in this action.

### B. State Law Claim (Count VII)

Where all claims over which the Court has original jurisdiction have been dismissed, the district court may decline to exercise supplemental jurisdiction over remaining state law claims. 28 U.S.C. § 1367(c)(3). Although declining to exercise jurisdiction is within the discretion of the district court, the United States Court of Appeals for the Third Circuit has held that, absent extraordinary circumstances, pendent jurisdiction should be declined where the federal claims are no longer viable. Shaffer v. Bd. of Sch. Dir. Albert Gallatin Area Sch. Dist., 730 F.2d 910, 912 (3d Cir. 1984) (citations omitted).

In this case, where Plaintiff's federal claims are no longer viable and no extraordinary circumstances warrant the exercise of supplemental jurisdiction over Plaintiff's state law claim, the Court declines to do so. Accordingly, this claim will be dismissed without prejudice. See Probst v. SCI Greene Med. Dept., Civ. A. No. 17-1014, 2018 U.S. Dist. LEXIS 73845, at *7 (W.D. Pa. Apr. 30, 2018).

## IV. CONCLUSION

For the reasons set forth herein, Defendants' Motion for Summary Judgment, ECF No. 67, will be granted as to all federal claims (Counts I - VI). The remaining state law claim (Count VII) will be dismissed without prejudice to raise in state court.

6

## ORDER

AND NOW, this 18th day of December, 2018, IT IS HEREBY ORDERED that the Motion for Summary Judgment filed by Defendants, ECF No. 67, is GRANTED as to all federal claims. IT IS FURTHER ORDERED that the remaining state law claim is DISMISSED without prejudice to raise in state court.

Pursuant to Rule 4 of the Federal Rules of Appellate Procedure, if Plaintiff wishes to appeal from this Order he must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

The Clerk shall mark this case closed.

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE